483

(C. D. 182)

Tassini & Salisch-Parver, Inc. *v.* United States

United States Customs Court, Third Division

(Decided June 15, 1939)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff. *Webster J. Oliver*, Assistant Attorney General (*Joseph F. Donohue*, special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges; Cline, J., not participating

Evans, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been paid as customs duties upon importations of tomatoes in their natural state from Cuba. Duty was assessed on the tomatoes at the rate of 3 cents per pound under the provisions of paragraph 772 of the Tariff Act of 1930. Plaintiff claims that they are dutiable at only 3 cents per pound less 20 per centum, or $0.018 per pound, or at $0.018 per pound less 20 per centum by virtue of the trade agreement between the United States and the Republic of Cuba published in T. D. 47232.

At the hearing it was agreed that the tomatoes are the growth or product of the Republic of Cuba.

The said Cuban Trade Agreement provides in schedule II thereof a maximum rate of duty of $0.018 per pound upon:

Tomatoes in their natural state, when imported and entered for consumption during the period from December 1 to the last day of the following February, inclusive, in any years.

This rate became effective September 3, 1934. The instant merchandise is covered by six entries. The dates of entry are given in plaintiff's pleadings as November 1936. It therefore appears that these tomatoes were not imported during the period provided in the said Cuban Trade Agreement and therefore are not enumerated in said schedule II.

However, under the third paragraph of said Cuban Trade Agreement it is provided:

ARTICLE III

\*　　\*　　\*　　\*　　\*　　\*　　\*

Every article the growth, produce, or manufacture of the Republic of Cuba which is not provided for in Article I, and which is not enumerated and described in Schedule II annexed to this Agreement, shall, on importation into the United States of America, be granted an exclusive and preferential reduction in duty of not less than 20 per centum, such percentage of reduction being applied to the lowest rate of duty now or hereafter payable on the like article the growth, produce, or manufacture of any other foreign country.

Tomatoes are not provided for in said article I, because of the fact that they are not articles the growth of the Republic of Cuba "which would have been admitted free of duty if imported into the United States of America on the day of signature of" the Cuban Trade Agreement. Therefore the rate applicable to these tomatoes under article III above is the rate provided for in paragraph 772 of the Tariff Act of 1930, less a reduction of 20 per centum, no lower rate than that provided in said paragraph 772, *supra*, being payable on tomatoes the growth of any other foreign country at the time of the entry of the instant merchandise.

Plaintiff's claim for a reduction of 20 per centum from the rate of 3 cents per pound under paragraph 772, *supra*, is therefore sustained.

Judgment will be rendered accordingly. It is so ordered.